MICHELE M. POTERACKE, SBN 143207
LAW OFFICE OF MICHELE M. POTERACKE
850 Third Street
Santa Rosa, CA 95404
Tele. (707) 571-1109
Fax: (707) 540-6287
E-mail: mmp@poterackelaw.com

Attorney for Plaintiff
Barbara Clark, fka Barbara Hopkins

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA CLARK, fka BARBARA HOPKINS,<br><br>  Plaintiff,<br>vs.<br><br>JPMORGAN CHASE & CO., a Delaware Corporation; CHASE MANHATTAN MORTGAGE CORPORATION, a New Jersey Corporation; CHASE HOME FINANCE, LLC, a New Jersey limited liability company; and Does 1 - 10 Inclusive,<br><br>  Defendants. | Case No.<br><br>COMPLAINT RE VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C.§ 1692e] AND FAIR CREDIT REPORTING ACT [15 U.S.C. § 1681]; AND DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (hereinafter "FCRA") for reporting false information after notification from consumer.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §§ 1692k(d) and 1681p.  Venue in this District is proper in that the Defendant transacts business here and the conduct complained of

Complaint                                             1

occurred here.

### III.  PARTIES

3. Plaintiff, Barbara Clark, fka Barbara Hopkins, (hereinafter "Clark") is a natural person residing in the city of Santa Rosa, County of Sonoma, State of California.

4. Defendant, JPMorgan Chase & Company (hereinafter "JPMC") is a Delaware corporation with its principal place of business located at New York.  At all times relevant, JPMC has transacted and continues to transact business throughout California, including Sonoma County.   In the normal course of business, JPMC engages in extending credit, collecting on debt (credit granted to its customers) and reporting debts it is trying to collect to the national reporting agencies.

5. Defendant, Chase Manhattan Mortage Corporation is a wholly owned subsidiary of JPMorgan & Co., incorporated in the state of New Jersey with its principal place of business in New Jersey.  Plaintiff is informed and believes that in 2005, Chase Manhattan Mortgage Corporation merged with Chase Home Finance, LLC and therefore, they shall be referred to as one entity (hereinafter, "Chase").  At all times relevant, Chase has transacted and continues to transact business throughout California, including Sonoma County.  In the normal course of business, Chase services the collection of mortgage debt and reports mortgage debt.  At all times relevant, Chase acted as the servicing agent to collect and report on the collection of a mortgage between Clark, and her former husband, and Chase Home Finance, LLC, the mortgagor.

6. Defendant, Chase Home Finance, LLC is a wholly owned subsidiary of JPMorgan & Co., registered as a Limited Liability Company in the State of New Jersey with its principal place of business in New Jersey.  Plaintiff is informed and believes that in 2005, Chase Manhattan Mortgage Corporation merged with Chase Home Finance, LLC and therefore, they shall be referred to as one entity (hereinafter, "Chase").  At all times relevant, Chase has transacted and continues to transact business throughout California, including Sonoma County.  In the normal course of business, Chase services the collection of mortgage debt and reports mortgage debt.  At all times relevant, Chase acted as the servicing agent to collect and report on the collection of a mortgage between Clark, and her former husband, and Chase Home Finance, LLC, the mortgagor.

6. Defendants, and each of them, are engaged in the collection of debts from consumers and

Complaint                                                      2

in the reporting of debt to the credit reporting agencies as a primary focus of their business.  In doing the acts alleged hereinafter, they were each acting together as agent for JPMorgan Chase & Co...

### IV.  FACTUAL ALLEGATIONS

7. On July 27, 2010, Clark obtained a discharge of all dischargeable debt under 11 U.S.C. § 727.  Prior to that, and in the course of her chapter 7 bankruptcy, Clark had surrendered her ownership interest in her residence upon which Chase possessed a secured first deed of trust for a mortgage, and Countywide Lending held a second mortgage.  Chase was listed in the bankruptcy and received a copy of the discharge order.

8. More than two years later, Clark had the opportunity to purchase her own home and pre-qualified a loan at $320,000.  At the same time that she looked for houses, her employer was also looking at houses as an investor.  Her employer's realtor showed Clark a house in her price range and the employer purchased it for her with the understanding that she was to immediately buy it back from him.  The house was purchased for cash and closed on February 7, 2013, and Clark moved into the house on February 9, 2013.   At the same time, Clark and her employer entered into a formal purchase agreement for her to buy the house back from him with a forty-five day escrow.

9. The forty-five day escrow was put into the purchase contract based on the belief that Chase was obligated to act within thirty days of notification of the credit reporting problem discovered by Clark's lender.  On January 28, 2013, her lender ran her credit report and informed Clark that they could not give her the credit she needed because the report showed that she still owed Chase $360,297 on a home mortgage.  The lender told Clark that she needed to get the credit report fixed or at least get a letter from Chase acknowledging the bankruptcy discharge and that she did not owe the debt.  Clark called Chase that same day and was given their address and fax information for making a formal notification of the dispute.

10. On January 29, 2013, Clark notified Chase by letter that the debt was reported in error and asked them to remove the balance due as discharged in bankruptcy.  Enclosed with her letter was a copy of the discharge order and the Statement of Intention bankruptcy form.

11. Chase did not follow through by listing the account in dispute, or correcting the balance due.  Instead, when Clark asked her lending broker to try again to close the loan, she discovered that

Complaint                                                                 3

1  Chase had modified the amount due to a balance of $266,147.  On or about May 14, 2013, while in
2  her lender's office, Clark had a telephone conversation with a Chase representative who said the
3  credit report would not be changed.

4      12.  Clark again asked Chase to correct the error in furnishing false information to the credit
5  reporting agencies, by letter through counsel, dated June 11, 2013.   The letter referred to and
6  enclosed another copy of the discharge order.   And again, Chase did not respond, did not list the
7  debt as in dispute, and did not correct the false information furnished to the reporting agencies.

8      13.  Chase did not respond to the second letter by telephone or writing, nor did it correct the
9  inaccurate information in the credit report.  Instead, Chase continued to furnish inaccurate
10 information as Clark discovered when she again asked her lender to try to proceed to close escrow on
11 her home purchase.  On July 5, 2013, the lender, Stearns Lending ran another credit report to see if
12 Chase had corrected the information furnished.  It had not.  The credit report continued to show
13 inaccurate information, that Clark owed a balance due to Chase of $268,147.

14     14.  Clark then asked that her bankruptcy case be re-opened for purposes of seeking a
15 contempt against Chase and a contempt motion was filed with the bankruptcy court on July 22, 2013.
16 Chase did respond to the contempt action and did finally correct the information furnished to the
17 reporting agencies, and on August 19, 2013,  Chase correctly reported the mortgage account with a
18 zero balance due.   After the correction to the credit, Clark closed escrow on the house on or about
19 September 27, 2013.

20     15.  However, from the point when Clark first notified Chase of the disputed information on
21 her credit report, January 29, 2013 and Chase taking action to respond to or correct the dispute on
22 August 19, 2013, the interest rate promised to Clark from her lender went from three-point-two-five-
23 percent (3.25%) to four-point.seven-five-percent (4.75%).  Instead of monthly payments of
24 $1,346.18, the increased rate gave her monthly principal and interest payments of $1,613.56 per
25 month, an increase of $96,256.04 in interest over the life of the 360 month loan.

26     16.  At no time relevant, did Clark re-take possession of the property on which Chase held its
27 secured mortgage, nor did she reaffirm the debt in her bankruptcy case, nor refinance the debt, nor
28 apply for or obtain a loan modification with Chase.  The debt was discharged in Clark's bankruptcy

Complaint                                                                               4

1  and Chase had notice of the discharge on July 27, 2010.

2  17.  In addition, the nine month delay by Chase in investigating and correcting the false
3  information it furnished to the reporting agencies cause Clark extreme anxiety and distress, as with
4  each passing day, week and month, it seemed she would not get satisfaction to be able to close the
5  loan before either the interest rate became too high for her to continue to qualify or the seller, her
6  employer, decided to back out of the sale due to delay.

7  18.  As a result of the acts alleged above, Clark suffered headaches, embarrassment, and
8  anxiety, with increased stress between she and her employer.

## V. FIRST CAUSE OF ACTION

10  19.  Paragraphs one through eighteen above are re-alleged and incorporated by reference.

11  20.  Defendants violated the FCRA at 15 U.S.C. § 1681s-2(b)(1)(A) and (B) by ignoring
12  Clark's notification and failing to investigate her claim that the information they furnished to
13  reporting agencies was inaccurate, within thirty (30) days of Clark's first notification to them, 15
14  U.S.C. § 1681s-2(b)(2).

15  21.  Defendants violated the FCRA at 15 U.S.C. § 1681s-2(b)(1)(C ) and (D) by not reporting
16  to the reporting agencies the information that their reported information was inaccurate and required
17  correction and providing that correction with thirty (30) days of Clark's first notification to them, 15
18  U.S.C. § 1681s-2(b)(2).

19  22.  Defendants violated the FRCA at 15 U.S.C. § 1681s-2(b)(1)(A) and (B) by ignoring
20  Clark's second notification through counsel and failing to investigate the second claim that the
21  information they furnished to reporting agencies was inaccurate, within thirty (30) days of Clark's
22  first notification to them, 15 U.S.C. § 1681s-2(b)(2).

23  23.  Defendants violated the FCRA at 15 U.S.C. § 1681s-2(b)(1)(C ) and (D) by not reporting
24  to the reporting agencies the information that their reported information was inaccurate and required
25  correction and providing that correction with thirty (30) days of Clark's second notification to them,
26  15 U.S.C. § 1681s-2(b)(2).

27  24.  Defendants actions were willful and with knowledge that they were harming Plaintiff by
28  not correcting the information furnished to the reporting agencies, and therefore, malicious..

1  25. As a result of Chase's violations of the FCRA as described above, inaccurate information
2  continued to be furnished to the reporting agencies until August 19, 2013, during which time, Clark
3  suffered actual damage by losing the benefit of the mortgage loan to which she was pre-qualified in
4  January 2013 at the rate of 3.25 percent.

5  26. As a result of the above violations of the FCRA, the Defendants are liable to the Plaintiff
6  for declaratory judgment that their conduct violated the FCRA, and Plaintiff's actual damages,
7  statutory damages and costs and attorneys fees, and punitive damages.

8  ## VI SECOND CAUSE OF ACTION

9  27. Plaintiff repeats and re-alleges and incorporates by reference paragraphs one through
10 twenty-five above.

11 28. Defendants violated the FDCPA at 15 U.S.C. § 1692e(8) when they continued to report
12 the mortgage debt due after Clark's bankruptcy discharge.

13 29. Defendants further violated the FDCPA at 15 U.S.C. § 1692e(8) when they failed to list
14 the account in dispute upon Clark's notification to them on January 29, 2013, and again with further
15 notification on June 11, 2013 and failed to correct the information furnished to the reporting
16 agencies.

17 30. As a result of Defendant's violations of the FDCPA as described above, inaccurate
18 information continued to be furnished to the reporting agencies until August 19, 2013, during which
19 time, Clark suffered actual damage by losing the benefit of the mortgage loan to which she was pre-
20 qualified in January 2013 at the rate of 3.25 percent.

21 31. As a result of the above violations of the FDCPA, the Defendants are liable to the
22 Plaintiff for declaratory judgment that their conduct violated the FDCPA, and Plaintiff's actual
23 damages, statutory damages and costs and attorneys fees.

24 WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants
25 for the following:

26 A. Declaratory judgment that Defendants' conduct violated the FCRA and the FDCPA;
27 B. Actual damages according to proof;
28 C. Statutory damages pursuant to 15 U.S.C. §§ 1681n, 1681o, and 1692k;

D Punitive damages pursuant to 15 U.S.C. § 1681n;

E. Costs and reasonable attorney fees pursuant to 15 U.S.C. §§ 1681n, 1681o, and 1692k;

F. For such other and further relief as may be just and proper.

Respectfully submitted,

Dated: 01/27/14                    LAW OFFICE OF MICHELE M. POTERACKE

By: /s/ Michele Poteracke
_____
Michele M. Poteracke,
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

By: /s/ Michele Poteracke
_____
Michele M. Poteracke,
Attorney for Plaintiff